Benjamin C. Deming (SBN 233687)
DNL ZITO
3232 McKinney Ave, Suite 500
Dallas, TX 75204
(214) 799-1145
bdeming@dnlzito.com

*Attorneys for Plaintiff*
*H.S. Treasure Contacts, Ltd.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.S. TREASURE CONTACTS, LTD. <br><br> Plaintiff, <br><br> vs. <br><br> SIGNAL MESSENGER, LLC. <br><br> Defendant(s). | Case No.: 5:25-cv-08689 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff H.S. Treasure Contacts, Ltd, by its undersigned counsel, alleges as follows for its Complaint against Defendant Signal Messenger, LLC.

**THE NATURE OF THIS ACTION**

1. H.S. Treasure brings this action against Signal pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 8,655,341 ("the '341 Patent") titled "Methods for mobile phone applications."

**THE PARTIES**

2. Plaintiff, H.S. Treasure Contacts LTD, is a Cyprus company with an address at Agios Ilarionos 3B, Pyla 7081, Larnaca, Cyprus, and is the owner of the '341 Patent. Hiam Boukai and Sergey Ost are the named inventors of '341 Patent.

3. Defendant Signal is a Delaware Corporation with a headquarters at 650 Castro Street, Suite 120-223 Mountain View, California 94041. Signal uses, develops, offers to sell, and sells the accused products throughout the United States. Signal manages and provides the Signal Messenger

1 application.

2     4.     Defendant sells the claimed system, and Defendant and customers of Defendant, use the accused products to practice the claimed system and methods of the '341 Patent throughout the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

7. This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District.

8. Venue is proper in this District because Defendant is headquartered in this District.

## BACKGROUND AND GENERAL ALLEGATIONS

9. Haim Boukai and Sergey Ost filed a patent application for their invention which provides a system and method for distribution of mobile applications on mobile devices. Their inventive system was granted the '341 Patent.

10. Defendant Signal provides distribution of the Signal Messenger application on and between mobile devices using a system and method that infringes the '341 Patent. The Signal Messenger application infringes at least claim 1-18 of the '341 Patent.

11. On February 18th, 2014, United States Patent No. 8,655,341, entitled " Methods for Mobile Phone Applications" was duly and legally issued by the United States Patent and Trademark Office. The '341 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff H. S. Treasure is the exclusive owner by contract of all rights, title, and interest in the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '341 Patent. Defendant is not licensed to the '341 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '341 Patent whatsoever. A true and correct copy of the '341 Patent is attached hereto as Exhibit A.

12. The '341 Patent is presumed valid under 35 U.S.C. § 282.

13. At all times, Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

**THE '341 Patent**

14. The '341 Patent includes both method and system Claims. The method claims of the '341 Patent are directed to "A method for viral distribution of applications on networked mobile devices." The system claims are directed to "A system for viral distribution of applications on networked mobile devices."

15. Claim 1 of the '341 Patent recites:

A method for viral distribution of applications on net worked mobile devices comprising steps of:

a. installing software on said networked mobile devices,

b. reading, by means of said software, some portion of a contact list stored on said networked mobile devices;

c. transmitting said portion of said contact list to a server;

d. Sending invitation to install said software to unregistered users from said portion of said contact list;

e. installing said software on some portion of those net worked mobile devices listed on said contact list upon accepting of said invitation to install said Software;

f. repeating steps b-e for each contact on each of said networked mobile devices, whereby viral distribution of software across a multitude of networked mobile devices is achieved; and

g. providing a server, adapted to provide said Software running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit, said client's database being subdivided into registered clients Sub database and unregistered clients Sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients Sub database to invite some part of said unregistered users to install said software.

16. Claim 10 of the '341 Patent recites:

A system for viral distribution of applications on networked mobile devices, comprising:

a. application running on said networked mobile devices,

b. a database storing a contact list of said networked mobile devices;

c. means for sending invitation to install said application on some portion of those networked mobile devices listed on said contact list;

    d. installing said application upon accepting of said invitation to install said application;

    e. means to repeat steps b-d for each contact on each of said networked mobile devices,

    f. a server, adapted to provide said application running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit residing on said server, said client's database being subdivided into registered clients sub database and unregistered clients sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients sub database to invite some portion of said unregistered users to install application; and

    g. whereby viral distribution of applications across a multitude of networked devices is achieved.

## INFRINGEMENT

17. Defendant makes and provides the Signal Messenger application which has a feature "invite your friends" to invite non-signal users to download and install Signal Messenger, thus accomplishing viral distribution of the application on mobile devices. The Signal Messenger application includes components and functionality that infringes claims of the '341 Patent.

18. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '341 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States, Defendant's Accused Products.

19. Defendant also indirectly infringes the '341 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant is currently and has knowingly and intentionally, starting at least as early as the filing of this action, actively induced others to directly infringe at least one claim of the '341 Patent by providing software through which its customers practice the claimed methods and by providing infringing systems used by its customers, including Signal users throughout the United States. Defendant continues to induce infringement of the '341 Patent.

20. Defendant has contributorily infringed and continues to contributorily infringe under 35 U.S.C. §271(c) because, with knowledge of the '341 Patent, Defendant supplies a material part of

an infringing system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '341 Patent, at least as early as the filing of this action, Defendant supplies the technology that allows its customers to create an infringing system and/or infringe the patent by performing the method, including allowing Defendant's customers to practice the method claims and/or allows the customers to combine Signal software with other software or otherwise combine to create an infringing system.

21. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe, contribute to and when used according to Defendant's instructions for operation, indirectly induce infringement of claims of the '341 Patent. A claim chart is attached as Exhibit B to this Complaint.

22. The accused product satisfies the elements of the asserted claims, shown below is an example of the Signal Messenger application's Invite Friends feature whereby Signal achieves viral distribution to users, compared to the elements of Claim 10 of the '341 Patent:

Signal Invite Friends is a system that is: "A system for viral distribution of applications on networked mobile devices, comprising:" Once installed, Signal Messenger is: "a. application running on said networked mobile devices."



The Signal app includes "b. a database storing a contact list of said networked mobile devices;"

 

The Signal Invite Friends feature is a "c. means for sending invitation to install said application on some portion of those networked mobile devices listed on said contact list;"

See:
"Invite Your Friends"

 

- 6 -

COMPLAINT (Case No. 5:25-cv-08689)

1  "d. installing said application upon accepting of said invitation to install said application;"



Link to install signal is sent to contact; when the invitation is accepted the Signal application is installed.

15  "e. means to repeat steps b-d for each contact on each of said networked mobile devices,"

16  Signal allows additional invites after some contacts are already signal members:



25  "f. a server, adapted to provide said application running on said networked mobile device
26  working in coordination with said server by means of an applications database, a client's
27  database and an application distribution unit residing on said server, said client's database
28  being subdivided into registered clients sub database and unregistered clients sub database,

- 7 -

said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients sub database to invite some portion of said unregistered users to install application; and"

Signal uses a server to run and distribute the program and stores a database of Signal members.  The Signal server, when granted access to a member's contact list, identifies contacts that are registered Signal members and contacts that are not registered Signal members, when requested by a Signal user, Signal sends a message to invite one or more of the unregistered contacts to install Signal;

"g. whereby viral distribution of applications across a multitude of networked devices is achieved."

Signal's method of prompting users to invite people in their mobile device contact list and using their networked devices to have new users install said application is a form of viral distribution.

23.     Defendant has infringed, and continues to infringe, at least claims 1-18 of the '341 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, distributing offering to sell, selling and/or importing into the United States, systems, and methods that infringe the asserted claims and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

24.     By engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims

of the '341 Patent.

25. Upon information and belief, Defendant has directly infringed one or more of claims of the '341 Patent under 35 U.S.C. §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

by engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '341 Patent.

26. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '341 Patent under 35 U.S.C. §271(b):

> "(b) Whoever actively induces infringement of a patent shall be liable as an infringer."

by providing accused products, with instructions, which are used and/or combined to create a infringing system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

27. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '341 Patent under 35 U.S.C. §271(c):

> "(c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

by providing accused products, and other components and supplies, which are combined, such as with other software and/or as an add-on to systems or programs or otherwise combine to form an infringing system and/or used in practicing methods which infringe the claims of the '341 Patent, thus contributing to the infringement of the '341 Patent.

28. Defendant does not have a license or authority to use or practice the '341 Patent.

29. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations. Defendant is intentionally continuing their knowing infringement.

30. As a result of Defendant's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### COUNT I

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,655,341

31. The allegations of each of the paragraphs above are hereby re-alleged and Incorporated herein by reference.

32. Defendant Signal has infringed, and continues to directly infringe, at least claim 1-18 of the '341 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

33. As a result of Signal's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### COUNT II

### INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,655,341

34. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

35. Upon information and belief, Defendant Signal has indirectly infringed one or more of the claims of the '341 Patent under 35 U.S.C. §271(b) by providing accused products, with instructions, which are used to create an accused system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

36. As a result of Signal's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### COUNT III

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,655,341

37. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

38. Upon information and belief, Defendant Signal has indirectly infringed one or more of the claims of the '341 Patent under 35 U.S.C. §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the

claims of the '341 Patent, thus contributing to the infringement of the '341 Patent.

39. Upon information and belief, Defendant Signal has indirectly infringed one or more of the claims of the '341 Patent under 35 U.S.C. §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which are used to practice methods which infringe the claims of the '341 Patent, thus contributing to the infringement of the '341 Patent.

## DAMAGES

40. As a result of Signal's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

41. As a result of Signal's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

a. For a Judgment declaring that Signal has infringed the '341 Patent.

b. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

c. For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '341 Patent in an amount to be determined at trial of at least a reasonable royalty;

d. For a judgment and order awarding a compulsory ongoing royalty;

e. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

f. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C.

g. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

h. For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

i. For such other relief to which Plaintiff is entitled under the applicable United States

laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

October 9, 2025                                              Respectfully submitted,

/s/ Benjamin C. Deming
Benjamin C. Deming (233687 CA)
DNL ZITO
3232 McKinney Avenue, #500
Dallas, Texas 75204
214-799-1145
bdeming@dnlzito.com

Joseph J. Zito (*pro hac vice* to be filed)
DNL ZITO
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

Attorneys for Plaintiff