UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

H.S. TREASURE CONTACTS, LTD.,

Plaintiff,

v.

SIGNAL MESSENGER, LLC,

Defendant.

Case No.  25-cv-08689-JSC

**ORDER RE: MOTION TO CORRECT RECORD**

Re: Dkt. No. 46

H.S. Treasure Contacts, Ltd. ("HSTC") sues Signal Messenger, LLC ("Signal") for infringement of U.S. Patent No. 8,655,341 ("the '341 patent").  (Dkt. No. 22.)[1]  The Court granted Signal's motion to dismiss HSTC's First Amended Complaint ("FAC") with leave to amend. (Dkt. No. 44 (the "Order").)  HSTC now moves to correct the record as recited in the Order.  (Dkt. No. 46.)  Oral argument and further briefing is not required.  HSTC's motion is DENIED.

The Order correctly reflected the record as it was presented to the Court.  The exclusive license agreement ("License") and the *nunc pro tunc* addendum ("Addendum") both reference "the co-owners [sic] Agreement of October 30, 2025."  (Dkt. Nos. 27-4 at 1-2; 31-1 at 1-2.)  In its motion to correct, HSTC insists the Order erroneously concluded the License was executed on or after October 2025 due the License's reference to a "co-owners Agreement of October 30, 2025." (Dkt. No. 46 at 2.)  HSTC argues the License contained a typo: the actual date of the co-owner's Agreement was October 30, 2023, and the License was executed on March 31, 2025.  (Dkt. No. 46 at 2.)  But Signal pointed out the October 30, 2025 date multiple times in its 12(b)(1) factual attack.  (Dkt. Nos. 26 at 15, 18; 32 at 7-8.)  HSTC did not present any evidence of a contrary

_____

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

execution date other than its allegation the License was executed on March 31, 2025, which was implausible because it was inconsistent with the License's reference to an October 30, 2025 co-owners' agreement.  (Dkt. Nos. 31 ¶¶ 1-2 (stating "[o]n March 31, 2025, all substantial rights to U.S. Patent No. 8,655,341 were transferred to Plaintiff H.S. Treasure Contacts Ltd. via written instrument ('Agreement')" and "[t]he recorded Agreement, Addendum, and recordation receipt is attached hereto as Exhibit A"); 44 at 14 ("because the October license and December addendum contradict the FAC, the October license and December addendum are controlling") (citing *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023)).)  In fact, HSTC made no mention of a "typo" in the exclusive license—in its FAC, in its opposition, at the hearing, or elsewhere—until after the Court issued the Order.  HSTC now asks this Court to "correct" the Order to reflect the co-owners' agreement's execution on October 30, 2023, and the License's execution on March 31, 2025.  (Dkt. No. 46 at 3-4 (stating, for the first time, there were "inherent typographical errors in the primary source document").)  The Court declines HSTC's request to augment the record, especially when HSTC had the opportunity to present evidence of a typo, the co-owners' agreement's execution date, and the License's execution date in its opposition to Signal's 12(b)(1) factual attack.  The Order recited the record correctly as it was presented by Signal and HSTC.

So, HSTC's motion to correct the record is DENIED.

This Order disposes of Docket No. 46.

**IT IS SO ORDERED.**

Dated: April 7, 2026

JACQUELINE SCOTT CORLEY
United States District Judge